UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Priya Saxena, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. 5:25-cv-5035 |
| ) | |
| Kristi Noem, in her official capacity as ( | |
| Secretary of Homeland Security; ) | |
| the Department of Homeland Security; ) | |
| and Todd Lyons, in his official capacity ) | |
| as Acting Director of U.S. Immigration ) | |
| and Customs Enforcement, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**Complaint for Temporary Restraining Order
and Preliminary and Permanent Injunction**

*Immediate Relief Requested*

<u>Parties</u>

     1.     Priya Saxena is a citizen of the country of India and a student at the South Dakota School of Mines and Technology, who is lawfully in the United States. As of January 2025, she was an author of twelve peer-reviewed journal publications, with two more under review, and two published book chapters. On April 1, 2025, she successfully defended her Ph.D. thesis in Chemical and Biological Engineering. She was scheduled to graduate on May 10, 2025—until the events described in this lawsuit occurred.

     2.     Kristi Noem is the Secretary of Homeland Security and has ultimate authority over the Department of Homeland Security (DHS). In that capacity and through her agents, Secretary Noem has broad authority over the operation and enforcement of the immigration laws. She is sued in her official capacity.

     3.     DHS is a cabinet-level department of the Executive Branch of the federal government and is an "agency" within the meaning of 5 U.S.C. § 551(1). DHS has a number of component agencies, including the U.S. Immigration Customs and Enforcement (ICE).

     4.     Todd Lyons is Acting Director of ICE. In that capacity and through his agents, Acting Director Lyons, like Secretary Noem, has broad authority over the

2

operation and enforcement of the immigration laws.  He is sued in his official capacity.

<h2 align="center">Jurisdiction and Venue</h2>

5.    This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1346(b) (federal defendant), and has authority to issue a declaratory judgment under 28 U.S.C. § 2201-02.  Venue is appropriate in this District because plaintiff resides here.

<h2 align="center">Facts</h2>

6.    Priya Saxena is lawfully present in the United States in F-1 status for the duration of her F-1 program, her entry based on an F-1 visa expiring February 9, 2027.

7.    At all times relevant to this action, Saxena has been a bona fide student pursuing a full course of study within the meaning of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(15)(F)(i), and was making normal progress toward completion of a course of study, within the meaning of 8 CFR § 214.2(f)(5).

8.    On April 7, the Consular Information Unit in the U.S. Embassy in New Delhi wrote Saxena that based on "additional information [that] became available after your visa was issued," her visa was revoked.  It advised her that it "has alerted

3

the Department of Homeland Security's Immigration and Customs Enforcement, which manages the Student Exchange Visitor Program and is responsible for removal proceedings," and that "They may notify your designated school official about the revocation of your F-1 visa."

9.    Later on April 7, Beth Riley, the PDSO (Primary Designated School Official) at the School of Mines and Technology, informed Saxena that "as of April 4, 2025, your SEVIS [Student and Exchange Visitor Information System] immigration record has been terminated by the Department of Homeland Security."

10.    Riley informed Saxena that "The reason cited on your SEVIS record for your immigration record termination is: TERMINATION REASON; OTHERWISE FAILING TO MAINTAIN STATUS - Individual identified in criminal records check and/or has had their VISA revoked.  SEVIS record has been terminated."

11.    DHS's revocation of Saxena's visa did *not* revoke her status as a student lawfully in the United States, and did *not* revoke her SEVIS record and status.

12.    Termination of Saxena's F-1 student status under the SEVIS system results in her inability to continue her student program and even to graduate on May 10.  And it allows her to be subject to removal proceedings.

13.    A Declaration of Dahlia M. French, Esq., an expert in immigration law, filed on April 12 in *Liu v. Noem*, D. N. H. No. 1:25-cv-00133-SE-TSM, Doc. 14, a case similar to this one, explains how the SEVIS program works.  Ms. French explains: "Both the Department of State and ICE have stated that visa revocation has no effect on visa status.  Those statements are correct. . . . There has been no time when ICE terminated a SEVIS record solely due to visa revocation; an FBI criminal check 'hit'; or even evidence of a misdemeanor conviction.  This is because, by its own guidance, ICE knows that visa revocation does not equate to a loss of visa status or trigger SEVIS record termination."  Exhibit 1 ¶ 15.

14.    Ms. French also explains that "[a] SEVIS record termination may occur because of "some mistake by an immigration agency that creates a termination event."  "SEVIS record termination does not mean the F-1 student engaged in some misconduct.  It can occur even if the student is doing everything required to maintain F-1 visa status."  Exhibit 1 ¶ 16.

15.    Saxena's only criminal record is a 2021 conviction for violation of S.D.C.L. § 32-31-6.1 (failure to stop for emergency vehicle), a class 2 misdemeanor, which occurred before her most recent visa was issued in 2022—and about which Saxena informed the government before it issued her 2022 visa.

5

16.     A class 2 misdemeanor is not a deportable or inadmissible offense under Immigration and Naturalization Act § 237 (8 U.S.C. § 1227) or INA § 212 (8 U.S.C. § 1182).

17.     On April 9, 2025, School of Mines PDSO Beth Riley wrote the U.S. Citizenship and Immigration Services, requesting that Saxena's F-1 student status be reinstated.  She has not received a response.

18.     As a result of defendants' unlawful actions, Saxena faces severe and irreparable harm, including the following, all of which the government threatened in its April 7 email:

- "[f]ines";

- "detention";

- "deportation";

- "ineligi[bility] for a future U.S. visa";

- "deportation . . . at a time that does not allow [you] to secure possessions or conclude affairs in the United States"; and

- "being deported . . . to [a] countr[y] other than [your] countr[y] of origin."

19.     Multiple national news reports show that the government's threats are real. One example is a video of a Tufts University Ph.D. student in Child Study and Human Development whose student F-1 visa was revoked on March 25, 2025, and who the same day was taken into custody, without any notice, by six officers, some in hoods and masks, who accosted her on the street, "surrounded her, took her cell phone, placed her in handcuffs and took her away in an unmarked vehicle." *Ozturk v. Trump*, 2025 U.S. Dist. Lexis 64831 * 4, ___ F. Supp. 3d ___, 2025 WL 1009445 (D. Mass). The video is available at multiple locations on the internet, including https://www.youtube.com/watch?v=HYwjMID2TY8. The next day, the government flew her to Louisiana. *Ozturk v. Trump*, 2025 U.S. Dist. Lexis 64831 * 6.

20.     These threats have caused Saxena ongoing severe anxiety, as they would to any reasonable person.

21.     Unlike the Tufts University graduate student and many other students in the news, Saxena has not been involved in any political activity, has not attended any demonstrations, and has not made any statements about controversial public matters.

22.     In addition, Saxena has been informed by the South Dakota School of Mines and Technology that because her SEVIS status has been revoked, she will not

graduate with a Ph.D. degree on May 10, 2025, as previously scheduled. She has worked toward a Ph.D. degree since 2020, and failure to receive it will cause her irreparable harm.

23.    Saxena has no administrative remedies available to her to avoid the immediate harm defendants' actions have caused her.

24.    The government's unilateral, unexpected, and spontaneous revocation of her F-1 visa and subsequent termination of her SEVIS record (in turn, the termination of her F-1 status) are final agency actions subject to judicial review.

25.    Additional harms the government's actions, if unrestrained and uncorrected, will cause Saxena in the future include but are not limited to:

- it will be much less likely that she will ever be allowed any immigration status in the future, because the government's actions have caused her immigration record to show failure to maintain proper immigration status, which limits the pursuit of other status types, even if she is otherwise fully eligible, see generally 8 U.S.C. § 1258(a);

- it will be much less likely that she will ever be allowed entrance into the United States in the future, because a prior visa denial

affects the future ability to receive other visas, see generally 9 FAM 301.4, and even if a visa is issued, she may face problems upon entry to the United States, given the extreme screening by Customs and Border Protection based on a previous status violation;

- that she will be in "unlawful presence" status in this country, which includes potential penalties and collateral consequences, including additional grounds for arrest and deportation, bars to re-entering the United States and future visa refusals, among other issues, see generally 9 FAM 301.4; and

- that she will be unable to apply for or receive additional benefits that she is eligible for based on her student status, including Optional Practical Training (OPT) under 8 CFR § 214.2(f)(10)(ii), and the right to apply for a 24-month extension of post-completion OPT for students with a degree in science, technology, engineering, or mathematics (§ 214.2(f)(10)(ii)(C)).

26.    This lawsuit challenges the government's unlawful termination of Saxena's F-1 student status under the SEVIS system. Even if Saxena's F-1 visa was

actually revoked, she does not challenge the revocation in this case—an issue which is separate from and different than the unlawful termination of her SEVIS status.

## First Cause of Action

### Administrative Procedure Act—Unlawful SEVIS Termination

27.    The government had no statutory or regulatory authority to terminate Saxena's SEVIS record or status based on its revocation of her visa, and nothing else provides a basis for termination.

28.    The government's termination of Saxena's SEVIS record and status is arbitrary, capricious, an abuse of discretion, and not in accordance with law, in excess of statutory authority, and without procedure required by law.

## Second Cause of Action

### Procedural Due Process—Unlawful SEVIS Termination

29.    Once a student like Saxena is lawfully admitted to the United States in F-1 status, as she was, and complies with the requirements of that status, as she did, the continued registration of that student in SEVIS is governed by specific and mandatory regulations.

30.    These regulations impose mandatory constraints on agency action, and because SEVIS registration is necessary for a person, such as Saxena, to remain

enrolled as an international student, she has a constitutionally protected property interest in her SEVIS registration.

31.     The government terminated Saxena's SEVIS record and status based on improper grounds without prior notice and without providing her with an opportunity to be heard, all in violation of the due process clause of the Fifth Amendment.

### Request for Relief

Priya Saxena requests a temporary restraining order, preliminary injunction, and permanent injunction:

1.     Restraining the government from taking any enforcement action against her arising directly or indirectly from the unlawful termination of her SEVIS record and status and visa, until and unless allowed by further order of this Court;

2.     Restraining the government from interfering in any way with her freedom during these proceedings, until and unless allowed by further order of this Court;

3.     Restraining the government from transferring her out of the jurisdiction of the District of South Dakota during these proceedings, until and unless allowed by further order of this Court;

11

4.      Declaring that the government's termination of her SEVIS record and status were unlawful, vacating and setting aside those actions, and reinstating her SEVIS record and status, which will allow her to graduate on May 10;

5.      Ordering the government to restore her SEVIS record and status;

6.      Awarding costs and reasonable attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

7.      Granting such further relief as the Court deems just and proper.

Dated: April 17, 2025            Respectfully submitted,

/s/ James D. Leach
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
Tel: (605) 341-4400
jim@southdakotajustice.com
Attorney for Plaintiff

## Certificate of Service

I certify that on April 17, 2025, before filing this document, I sent it by email to Alison J. Ramsdell, United States Attorney for the District of South Dakota, at alison.ramsdell@usdoj.gov.

/s/ James D. Leach
James D. Leach

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Priya Saxena | Kristi Noem, in her official capacity as Secretary of Homeland Security; the Department of Homeland Security; |
| **(b)** County of Residence of First Listed Plaintiff    Pennington <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br>       THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* <br> James D. Leach/Attorney/1617 Sheridan Lake Rd/Rapid <br> City, SD 57702/605 341 4400 | Attorneys *(If Known)* <br> Alison J. Ramsdell/US Attorney/PO Box 2638/Sioux Falls, <br> SD 57101/605 330 4400 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government <br> Plaintiff | ☐ 3   Federal Question <br>      *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government <br> Defendant | ☐ 4   Diversity <br>      *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br>    & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br>    Student Loans <br>    (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br>    of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br>    Liability <br> ☐ 320 Assault, Libel & <br>    Slander <br> ☐ 330 Federal Employers' <br>    Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br>    Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br>    Product Liability <br> ☐ 360 Other Personal <br>    Injury <br> ☐ 362 Personal Injury - <br>    Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br>    Product Liability <br> ☐ 367 Health Care/ <br>    Pharmaceutical <br>    Personal Injury <br>    Product Liability <br> ☐ 368 Asbestos Personal <br>    Injury Product <br>    Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br>    Property Damage <br> ☐ 385 Property Damage <br>    Product Liability | ☐ 625 Drug Related Seizure <br>    of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br>    28 USC 157 <br> **INTELLECTUAL** <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br>    New Drug Application <br> ☐ 840 Trademark <br> ☐ 880 Defend Trade Secrets <br>    Act of 2016 | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br>    3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br>    Corrupt Organizations <br> ☐ 480 Consumer Credit <br>    (15 USC 1681 or 1692) <br> ☐ 485 Telephone Consumer <br>    Protection Act <br> ☐ 490 Cable/Sat TV |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br>    Accommodations <br> ☐ 445 Amer. w/Disabilities - <br>    Employment <br> ☐ 446 Amer. w/Disabilities - <br>    Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br>    Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br>    Conditions of <br>    Confinement | **LABOR** <br> ☐ 710 Fair Labor Standards <br>    Act <br> ☐ 720 Labor/Management <br>    Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br>    Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br>    Income Security Act <br><br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☒ 465 Other Immigration <br>    Actions | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br><br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff <br>    or Defendant) <br> ☐ 871 IRS—Third Party <br>    26 USC 7609 | ☐ 850 Securities/Commodities/ <br>    Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br>    Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br>    Act/Review or Appeal of <br>    Agency Decision <br> ☐ 950 Constitutionality of <br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original <br> Proceeding | ☐ 2 Removed from <br> State Court | ☐ 3 Remanded from <br> Appellate Court | ☐ 4 Reinstated or <br> Reopened | ☐ 5 Transferred from <br> Another District <br> *(specify)* | ☐ 6 Multidistrict <br> Litigation - <br> Transfer | ☐ 8 Multidistrict <br> Litigation - <br> Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: <br> Administrative Procedure Act and Fifth Amendment to the US Constitution

Brief description of cause: <br> Government has unlawfully terminated plaintiff's SEVIS status and she faces arrest and removal

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** <br> UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint: <br> **JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 04/17/2025 | *[signature]* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____