UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PRIYA SAXENA,<br><br>    Plaintiff,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; THE DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>    Defendants. | 5:25-CV-05035-KES<br><br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

On April 17, 2025, plaintiff, Priya Saxena, sued Kristi Noem, the Secretary of the Department of Homeland Security, the Department of Homeland Security, and Todd Lyons, the Acting Director of Immigration and Customs Enforcement, alleging that DHS unlawfully terminated her F-1 student status under the Student and Exchange Visitor System (SEVIS). Docket 1 ¶ 26. Saxena filed a motion for a temporary restraining order, requesting a TRO to (1) restrain the government from taking enforcement action against, interfering with, or transferring Saxena out of the District of South Dakota, and (2) require defendants to set aside their termination decision as to Saxena's SEVIS record and status. Docket 3 at 1-2. On April 18,

2025, the court held a motion hearing on the TRO. For the following reasons, the court grants Saxena's motion for a temporary restraining order.

## BACKGROUND

Saxena is a citizen of India who is lawfully in the United States, having received an F-1 student visa that expires on February 9, 2027. Docket 1 ¶¶ 1, 6. Saxena is currently enrolled as a Ph.D. candidate in Chemical and Biological Engineering at the South Dakota School of Mines and Technology. *Id.* ¶¶ 1, 7; Docket 5 at 3. Saxena has been working toward her Ph.D. degree since January 2020, Docket 4 ¶ 7, and was scheduled to graduate from the program on May 10, 2025, Docket 1 ¶¶ 1, 22.

On April 7, 2025, the Consular Information Unit in the U.S. Embassy in New Delhi informed Saxena her F-1 visa had been revoked. *Id.* ¶ 9. Later that same day, the School of Mines informed Saxena that, as of April 4, 2025, DHS had terminated her SEVIS status and record. *Id.* ¶ 9; Docket 4-2. DHS entered the reason for termination as "OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." Docket 1 ¶ 10; Docket 4-3. Saxena has one prior criminal conviction: a failure to stop for an emergency vehicle in 2021. Docket 1 ¶ 15. The government was informed of this criminal conviction before it issued her 2022 visa. *Id.*

DHS did not notify Saxena that her SEVIS record had been terminated; she only learned of her altered status through the School of Mines' official. *Id.* ¶¶ 9-10. On April 9, 2025, the School of Mines wrote to the U.S. Citizenship

and Immigration Services, requesting that Saxena's F-1 student status be reinstated, but the school has not received a response. *Id.* ¶ 17; Docket 4-4.

On April 17, 2025, Saxena filed this action, seeking declaratory and injunctive relief based on two claims against defendants. Docket 1. Saxena first alleges that defendants violated the Administrative Procedure Act (APA) when they terminated her SEVIS registration without any statutory or regulatory authority authorizing the termination. *Id.* ¶¶ 27-28. Saxena next alleges that defendants violated her procedural due process rights under the Fifth Amendment when they terminated her SEVIS record on improper grounds, without proper notice, without an articulated basis for their decision, and without providing Saxena the opportunity to respond. *Id.* ¶¶ 29-31.

## LEGAL STANDARD

When ruling on a motion for a temporary restraining order or preliminary injunction, the court must consider (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other parties; (3) the likelihood of success on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)) ("[T]he standard for analyzing a motion for a temporary restraining order is the same as a motion for preliminary injunction."). When weighing these factors, "no single factor is in itself dispositive[.]" *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 667 (8th Cir. 1987). "[A]ll of the factors must be considered to determine" whether the balance weighs toward granting the temporary restraining order. *Id.*

**DISCUSSION**

I.     **Likelihood of Success on the Merits**

"Success on the merits has been referred to as the most important of the four factors." *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). Based on the available record, the court concludes that the first *Dataphase* factor favors granting the requested TRO. Under Saxena's first cause of action, she alleges that defendants' termination of her SEVIS status and record was done in violation of their own regulations. *See* Docket 1 ¶¶ 27-28. As Saxena explains, "revocation of her F-1 visa does not constitute a failure to maintain F-1 student status, and, therefore, cannot serve as a basis for termination of F-1 student status in the SEVIS system." Docket 5 at 8. Saxena cites to DHS's own policies, which provide that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record." *Id.* (quoting ICE, *Policy Guidance 1004-04 – Visa Revocations*, 1, 3 (June 7, 2010)); *see also* Docket 1-1 ¶ 15 (explaining that "[b]oth the Department of State and ICE have stated that visa revocation has no effect on visa status").

Further, nonimmigrant status may be terminated under 8 C.F.R. § 214.1(d) only in the following three circumstances: (1) the revocation of a waiver authorized on the individual's behalf; (2) the introduction of a private bill to confer permanent resident status; or (3) pursuant to notification in the Federal Register on the basis of national security, diplomatic, or public safety reasons. 8 C.F.R. § 214.1(d). Based upon the record available to the court, none of the three circumstances are present in this case. At the hearing, the

4

government indicated that it did not have evidence that any of the three circumstances existed here. Thus, the court concludes that Saxena is likely to show that DHS's termination of her F-1 student status was not in compliance with 8 C.F.R. § 214.1(d), and was "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law."[1] *See* 5 U.S.C. § 706(2)(A).

## II.     Threat of Irreparable Harm

Under the second *Dataphase* factor, the movant must show she is "likely to suffer irreparable harm in the absence of preliminary relief[.]" *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Based on the record, the court concludes that the second factor favors the requested TRO because Saxena faces irreparable harm in the absence of temporary relief. Saxena is currently engaged in her last spring semester, with a graduation date of May 10, 2025. Docket 1 ¶ 1. The termination of her F-1 student status in the SEVIS system renders her immediately ineligible to graduate in her Ph.D. program on May 10, 2025. *Id.* ¶ 22. It also jeopardizes her academic progress and negatively impacts her future career opportunities. Docket 4 ¶ 7. She thus loses the time, money, and work she had put into her Ph.D. program, which she began in January of 2020. *Id.*; Docket 1 ¶ 22. Additionally, Saxena has no administrative remedy available to her, and currently faces a potential fine, detention, deportation, and ineligibility for a future U.S. visa. Docket 1 ¶¶ 19,

---

[1] Because the court concludes that Saxena has shown a likelihood of success on the merits of her APA claim in Count 1, it need not address her claim in Count 2 that defendants violated her procedural due process rights under the Fifth Amendment.

5

23; Docket 4-2 at 1. Saxena is left in an uncertain legal status with the termination of her SEVIS record, which constitutes a separate irreparable harm. *See, e.g., Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (finding that plaintiffs' reasonable fear of being subject to unlawful detention absent a preliminary injunction may constitute irreparable harm). Thus, the court concludes that Saxena has shown that she will suffer an irreparable harm without preliminary relief.

### III. Balance of the Hardships

The third *Dataphase* factor for obtaining a temporary restraining order requires a plaintiff to establish that their irreparable harm is greater than the hardship that a temporary restraining order would cause defendants. *Sturgis Area Chamber of Commerce v. Sturgis Rally & Races, Inc.*, 99 F. Supp. 2d 1090, 1101 (D.S.D. 2000).

After balancing the harm to the parties, the court finds that the harm to plaintiff plainly outweighs the risk of injury to defendants. Saxena stands to lose her lawful status in her present country of residence, and her pursuit of a Ph.D. degree, which she began in January of 2020. In contrast, the temporary nature of the requested relief poses minimal harm to defendants. *See Nebraska v. Biden*, 52 F.4th 1044, 1047 (8th Cir. 2022) (concluding that "the equities strongly favor an injunction considering the irreversible impact [the challenged agency] action would have as compared to the lack of harm an injunction would presently impose"). Thus, the court finds that the balance of the harms weighs in favor of granting the temporary restraining order.

## IV.    Public Interest

The court also concludes that the fourth *Dataphase* factor weighs in favor of granting a TRO. There is substantial public interest in ensuring that governmental agencies abide by federal laws as "there is generally no public interest in the perpetuation of unlawful agency action." *Missouri v. Trump*, 128 F.4th 979, 997 (8th Cir. 2025) (quoting *League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)). Thus, the court finds that this factor weighs in favor of granting the temporary restraining order.

## V.    Bond

After considering the relevant factors, the court exercises its discretion to waive the bond requirement embedded in Federal Rule of Civil Procedure 65(c). *See Rickland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016).

## CONCLUSION

Based on the above, it is ORDERED:

1. Saxena's motion for temporary restraining order (Docket 3) is granted. Defendants are temporarily enjoined from taking any enforcement action against Saxena arising directly or indirectly from the termination of her SEVIS record or visa.

2. Defendants are also temporarily enjoined from interfering with Saxena's freedom and from transferring Saxena out of the jurisdiction of the District of South Dakota during these proceedings.

3. Defendants are also required to temporarily set aside their determination to mark Saxena's F-1 student status as terminated. Defendants shall reinstate Saxena's student status and SEVIS authorization, retroactive to April 4, 2025.

4. This temporary restraining order shall remain in effect until the sooner of May 2, 2025, or further order of the court on the motion for temporary restraining order and preliminary injunction.

Dated April 18, 2025.

                                      BY THE COURT:

                                      /s/ *Karen E. Schreier*
                                      KAREN E. SCHREIER
                                      UNITED STATES DISTRICT JUDGE