UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Priya Saxena,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Kristi Noem, in her official capacity as Secretary of Homeland Security; the Department of Homeland Security; and Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>　　　　Defendants. | 5:25-cv-05035-KES<br><br><br>**OPPOSITION TO PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION** |

Defendants, by and through their undersigned counsel, respectfully submit this opposition to Plaintiff Priya Saxena's request for a preliminary injunction. Docs. 1 and 2.

## I.　INTRODUCTION

Ms. Saxena is a doctoral student at the South Dakota School of Mines and Technology ("School of Mines") and scheduled to graduate May 10, 2025. On April 7, 2025, the School of Mines informed Ms. Saxena her record within the Student and Exchange Visitor Information System ("SEVIS") maintained by the U.S. Immigration and Customs Enforcement ("ICE") had been terminated and was no longer in an active status. The reason for termination was Ms. Saxena's failure to maintain nonimmigrant status based on her identification in a "criminal records check" and/or a visa revocation.

Ms. Saxena brings claims under the Administrative Procedures Act ("APA") and the Fifth Amendment against Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security ("DHS"), DHS, and Todd Lyons, in his official capacity as Acting Director of

ICE (collectively, the "Defendants"). Ms. Saxena moved for a Temporary Restraining Order ("TRO") requiring the Defendants to restore her SEVIS records and status, and to prevent the Defendants from initiating removal proceedings based on the termination of her SEVIS record. The Court granted Plaintiff's motion for a TRO pending briefing and hearing on a preliminary injunction.

## II.    BACKGROUND

### A.  F-1 Nonimmigrant Students and SEVIS

Pursuant to the Immigration and Nationality Act ("INA"), a foreign student may enter the United States in a nonimmigrant status to complete a course of study at an approved educational institution. 8 U.S.C. § 1101(a)(15)(F)(i); 8 C.F.R. § 214.2(f). If approved, the State Department will issue a visa allowing the student admission to the United States to pursue their course of study. *See* 22 C.F.R. § 41.61(b)(1). If admitted, DHS may administratively designate the student as an F-1 nonimmigrant classification. 8 C.F.R. § 214.1(a)(2).

An F-1 student may remain in the United States for the duration of their studies so long as they continue to meet the requirements outlined in the regulations. *See* 8 C.F.R. § 214.2(f)(5)(i) ("Duration of status is defined as the time during which an F-1 student is pursuing a full course of study at an educational institution certified by SEVP for attendance by foreign students."). If an F-1 student "fails to maintain a full course of study without the approval of the [Designated School Official ("DSO")] or otherwise fails to maintain status," they must depart the United States immediately or seek reinstatement. 8 C.F.R. § 214.2(f)(5)(iv); *see also* 8 U.S.C. § 1184(a)(1).

The ICE Student and Exchange Visitor Program ("SEVP") monitors compliance of nonimmigrant students and schools through SEVIS, an SEVP-managed internet-based system that tracks and maintains information on nonimmigrant students and SEVP-certified schools. *See* 8

C.F.R. § 214.3. SEVP certifies participating educational institutions, allowing those institutions to issue a Form I-20 in the student's name in SEVIS and to the student. *Id.* A key component to admission into the United States as an F-1 nonimmigrant student is the presentment of Form I-20, which is issued in the student's name by a school certified by the SEVP for attendance by F-1 foreign students. 8 C.F.R. § 214.2(f)(1)(i). The F-1 student's Form I-20 is endorsed at the time of entry into the United States. 8 C.F.R. § 214.2(f)(ii)(B). SEVP regulations also govern the termination of F-1 student status in SEVIS. 8 C.F.R. 214.2(f). A student may fall out of F-1 student status by: (1) failing to meet the regulatory requirements for F-1 student status or (2) via an agency related termination of status. 8 C.F.R. §§ 214.1(d), 214.2(f)(5)(i).

### B. Plaintiff's Record Was Terminated in SEVIS

Ms. Saxena is an Indian national who entered the United States on an F-1 visa. Ms. Saxena is enrolled in a doctoral program at the School of Mines. On April 7, 2025, Ms. Saxena learned via email from the School of Mines that her "SEVIS immigration record [was] terminated by the Department of Homeland Security." Doc. 4, ¶3; Doc. 4-3. The termination reason was "OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked." *Id.* In a letter from the U.S. Embassy in New Delhi, also dated April 7, 2025, Ms. Saxena was further advised that her visa was revoked by the Department of State based on additional information that became available after her visa was issued and in accordance with Section 221(i) of the INA. Doc. 4-2.

### III.    LEGAL STANDARD

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)

(a preliminary injunction "preserve[s] the status quo until the merits are determined"). When ruling on a motion for a preliminary injunction, the court must consider (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury an injunction would inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc.*, 640 F.2d at 113. "While no single factor is determinative, the probability of success factor is the most significant." *Carson v. Simon*, 978 F.3d 1051, 1059 (8th Cir. 2020) (cleaned up). However, even when a plaintiff has a strong claim on the merits, preliminary injunctive relief is improper absent a showing of a threat of irreparable harm. *See Gen. Motors Corp. v. Harry Brown's LLC*, 563 F.3d 312, 318-19 (8th Cir. 2009) ("The likelihood that plaintiff ultimately will prevail is meaningless in isolation … [and] must be examined in the context of the relative injuries to the parties and the public.") (alteration in original) (quoting *Dataphase Sys.*, 640 F.2d at 113). "A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

### IV.   THE COURT LACKS JURISDICTION

Relevant to Ms. Saxena's F-1 nonimmigrant status is the revocation of her visa. The Department of State revoked Ms. Saxena's F-1 visa in accordance with Section 221(i) of the INA based on "additional information [that] became available after [her] visa was issued." Doc. 4-2.

The revocation of Ms. Saxena's visa is non-reviewable by this Court. Section 221(i) of the INA is codified at 8 U.S.C. § 1201(i). Section 1201(i) states:

> After the issuance of a visa or other documentation to any alien, the consular officer or the Secretary of State may at any time, *in his discretion*, revoke such visa or other documentation…. *There shall be no means of judicial review … of a revocation under this subsection, except in the context of a removal proceeding* if

4

such revocation provides the sole ground for removal under section 1227(a)(1)(B) of this title.

8 U.S.C. § 1201(i) (emphasis added); *see also Bolante v. Achim*, 457 F. Supp. 2d 898, 902 (E.D. Wis. 2006) (finding no means of judicial review of revocation of visa under section 1201); *Aldabbagh v. Sec'y of State*, No. 21-CV-532-GAP-EJK, 2021 WL 6298664, at *2 (M.D. Fla. Oct. 5, 2021) (finding no jurisdiction over complaint that requested the district court to declare revocation of visa to be arbitrary and capricious, an abuse of discretion, and not in accordance of law); *Tarlinsky v. Pompeo*, No. 19-CV-659 (VLB), 2019 WL 2231908, at *5 (D. Conn. May 23, 2019) ("As the basis [for the visa] revocation is expressly non-reviewable by statute, the Court lacks subject matter jurisdiction over [the complaint].").[1]

Additionally, because her visa was revoked, Ms. Saxena is subject to deportation. 8 U.S.C. § 1227(a)(1)(B) states:

> Any alien who is present in the United States in violation of this chapter or any other law of the United States, or whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(i) of this title, is deportable.

*See also* INA § 237(a)(1)(B) ("Any alien who is present in the United States in violation of this Act or any other law of the United States, or whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 221(i), is deportable.").

---

[1] In count 1 of the complaint, Ms. Saxena asserts a claim under the APA. The APA, however, "contains enumerated exceptions that limit the reach of its general waiver" of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (quoting 5 U.S.C. § 702). More specifically, the APA provides that "[n]othing herein … confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id.* As stated above, 8 U.S.C. § 1201 precludes judicial review of a visa revocation.

Furthermore, the decision to commence removal proceedings, adjudicate cases, or execute removal orders is the subject of prosecutorial discretion. 8 U.S.C. § 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."[2] The Supreme Court has determined that "Section 1252(g) was directed against … attempts to impose judicial constraints upon prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999). This includes the Executive's "discretion to abandon the endeavor" without judicial interference. *Id.* at 483-84; *see also Barahona-Gomez v. Reno*, 236 F.3d 1115, 1120 (9th Cir. 2001). As a result, § 1252(g) prohibits district courts from hearing challenges to decisions and actions about whether, when, and where to commence removal proceedings. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 598-99 (9th Cir. 2002).

In this case, Ms. Saxena requests a preliminary injunction enjoining the Defendants from interfering with her freedom and from transferring her out of the jurisdiction of South Dakota. As discussed above, the revocation of Ms. Saxena's F-1 visa is non-reviewable except in the context of removal proceedings, and it is within the Executive's discretion whether to commence removal proceedings. Therefore, this Court lacks jurisdiction to review the revocation of Ms. Saxena's F-1 visa or interfere with the Executive's discretion to commence removal proceedings.

### V.    PLAINTIFF'S SEVIS RECORD HAS BEEN REINSTATED

Plaintiff's request to re-instate her SEVIS record is moot. ICE is developing a policy that will provide a framework for SEVIS record terminations. Until such policy is issued, the SEVIS

---

[2] In count 2 of the complaint, Ms. Saxena alleges a Fifth Amendment due process claim. In the event removal proceedings are commenced, Ms. Saxena can seek judicial review before an Immigration Court, the BIA, and eventually from a court of appeals if she is ordered to be removed.

6

records for plaintiff and other similarly situated plaintiffs will remain Active or shall be re-activated if not currently active.[3] ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the INA

## VI. PRELIMINARY INJUNCTIVE RELIEF IS IMPROPER

### A. PLAINTIFF FAILS TO DEMONSTRATE THREAT OF IRREPARABLE HARM

"To succeed in demonstrating a threat of irreparable harm, 'a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'" *Roudachevski*, 648 F.3d at 706 (quoting *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996)). "A movant's failure to demonstrate irreparable harm is sufficient to deny a motion for preliminary injunction." *Flandreau Santee Sioux Tribe v. United States Dep't of Agric.*, 19-CV-04094-KES, 2019 WL 2394256, at *5 (D.S.D. June 6, 2019) (citing *Grasso Enters., LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016)).

Under Supreme Court precedent, "some possibility" of deportation is not enough to show irreparable harm. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "Although removal is a serious burden for many aliens, it is not categorically irreparable." *Id.* at 435 ("Aliens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal.").

Here, it is noted that Ms. Saxena is scheduled to graduate from the School of Mines on May 10, 2025. Because her SEVIS status was reinstated pursuant to this Court's order (Doc. 8),

---

[3] Ms. Saxena's SEVIS record was re-activated pursuant to the TRO issued by this Court. Doc. 8.

7

by the time her request for preliminary injunction is heard, she will have received her Ph.D. in Chemical and Biological Engineering. Further, participation in Optical Practical Training ("OPT") is discretionary and subject to the approval of the United States Citizenship and Immigration Service (USCIS). *See* 8 CFR 274a.13(a)(1) ("The approval of applications filed under 8 CFR 274a.12(c), except for 8 CFR 274a.12(c)(8) are within the discretion of USCIS.").[4]

### B. PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS

As discussed above, Ms. Saxena is unlikely to succeed on the merits. This Court does not have jurisdiction to consider the Department of State's decision to revoke Ms. Saxena's F-1 visa, s*ee* 8 U.S.C. § 1201(i), or to interfere with the Executive's discretion to commence removal proceedings. *See* 8 U.S.C. 1252(g).

### C. BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR THE GOVERNMENT

When the government is a party, balance of equities and the public interest factors merge. *Nken*, 556 U.S. at 435; *see also Morehouse Enter., LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 78 F.4th 1011, 1018 (8th Cir. 2023) (citing *Nken*, 556 U.S. at 435) (stating "harm to the opposing party and the public interest—merge when the Government is the party opposing the preliminary injunction"). In this case, the public interest factors tip in the Defendants' favor because "[c]ontrol over immigration is a sovereign prerogative." *El Rescate Legal Servs., Inc. v. Exec. Office of Immigr. Review*, 959 F.2d 742, 750 (9th Cir. 1992).

## VII.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for a preliminary injunction.

---

[4] Post-completion OPT and STEM OPT are governed under 8 CFR 274a.12(c)(3)(B)-(C).

Dated this 28th day of April 2025.

                                            ALISON J. RAMSDELL
                                            United States Attorney

                                            */s/ Michaele S. Hofmann*
                                            MICHAELE S. HOFMANN
                                            Assistant U.S. Attorney
                                            Andrew W. Bogue Fed. Bldg.
                                            515 Ninth Street, Suite 201
                                            Rapid City, SD  57701
                                            (605) 342-7822
                                            Michaele.Hofmann@usdoj.gov