UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Priya Saxena,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Kristi Noem, in her official capacity as Secretary of Homeland Security; the Department of Homeland Security; and Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>　　　　Defendants. | 5:25-cv-05035-KES<br><br>**AMENDED OPPOSITION TO PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION** |

Defendants, by and through their undersigned counsel, respectfully submit this opposition to Plaintiff Priya Saxena's request for a preliminary injunction. Docs. 1 and 2.

## I.　INTRODUCTION

Ms. Saxena is a doctoral student at the South Dakota School of Mines and Technology ("School of Mines") and scheduled to graduate May 10, 2025. On April 7, 2025, the School of Mines informed Ms. Saxena her record within the Student and Exchange Visitor Information System ("SEVIS") maintained by the U.S. Immigration and Customs Enforcement ("ICE") had been terminated and was no longer active. The reason for the SEVIS record termination was Ms. Saxena's failure to maintain nonimmigrant status based on her identification in a "criminal records check" and/or a visa revocation.

Ms. Saxena brings claims under the Administrative Procedures Act ("APA") and the Fifth Amendment against Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security ("DHS"), DHS, and Todd Lyons, in his official capacity as Acting Director of

ICE (collectively, the "Defendants"). Ms. Saxena moved for a Temporary Restraining Order ("TRO") requiring the Defendants to restore her SEVIS records and status, and to prevent the Defendants from initiating removal proceedings based on the termination of her SEVIS record. The Court granted Plaintiff's motion for a TRO pending briefing and hearing on a preliminary injunction.

## II.  BACKGROUND

### A. F-1 Nonimmigrant Students and SEVIS

Pursuant to the Immigration and Nationality Act ("INA"), a foreign student may enter the United States in a nonimmigrant status to complete a course of study at an approved educational institution. 8 U.S.C. § 1101(a)(15)(F)(i); 8 C.F.R. § 214.2(f). If approved, the State Department will issue a visa to allow the student to seek admission into the United States to pursue their course of study. *See* 22 C.F.R. § 41.61(b)(1). If admitted, DHS may administratively designate the student as an F-1 nonimmigrant classification. 8 C.F.R. § 214.1(a)(2).

An F-1 student may remain in the United States for the period of time they are complying with the terms of their nonimmigrant status so long as they continue to meet the requirements outlined in the regulations, known as duration of status. *See* 8 C.F.R. § 214.2(f)(5)(i) ("Duration of status is defined as the time during which an F-1 student is pursuing a full course of study at an educational institution certified by SEVP for attendance by foreign students, or engaging in authorized practical training following completion of studies ..."). If an F-1 student fails to maintain a full course of study without the approval of the Designated School Official ("DSO") or otherwise fails to maintain status, they must depart the United States immediately or seek reinstatement. 8 C.F.R. § 214.2(f)(5)(i); *see also* 8 U.S.C. § 1184(a)(1).

ICE maintains the Student Exchange Visitor Information System ("SEVIS") database. SEVIS is an internet-based system that tracks and maintains information on nonimmigrant students and SEVP-certified schools. *See* 8 U.S.C. § 1372; 8 C.F.R. § 214.3. SEVP certifies participating educational institutions, allowing those institutions to issue a Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, in the student's name in SEVIS and to the student. *Id.* A key component to admission into the United States as an F-1 nonimmigrant student is the presentment of Form I-20, which is issued in the student's name by a school certified by the SEVP for attendance by F-1 foreign students. 8 C.F.R. § 214.2(f)(1)(i). The F-1 student's Form I-20 is endorsed by the inspecting officer at the time of entry into the United States. 8 C.F.R. § 214.2(f)(ii)(B). SEVP regulations also govern the requirements for maintaining F-1 student status. 8 C.F.R. § 214.2(f). A student may fall out of F-1 student status by: (1) failing to meet the regulatory requirements for F-1 student status or (2) via an agency related termination of status. 8 C.F.R. §§ 214.1(d), 214.2(f).

**B. Plaintiff's Record Was Terminated in SEVIS**

Ms. Saxena is an Indian national who entered the United States on an F-1 visa. Ms. Saxena is enrolled in a doctoral program at the School of Mines. On April 7, 2025, Ms. Saxena learned via email from the School of Mines that her "SEVIS immigration record [was] terminated by the Department of Homeland Security." Doc. 4, ¶3; Doc. 4-3. The termination reason was "OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked." *Id.* In a letter from the U.S. Embassy in New Delhi, also dated April 7, 2025, Ms. Saxena was further advised that her visa was revoked by the State Department based on additional information that became available after her visa was issued and in accordance with Section 221(i) of the INA. Doc. 4-2.

### III.    LEGAL STANDARD

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc) (a preliminary injunction "preserve[s] the status quo until the merits are determined"). When ruling on a motion for a preliminary injunction, the court must consider (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury an injunction would inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc.*, 640 F.2d at 113. "While no single factor is determinative, the probability of success factor is the most significant." *Carson v. Simon*, 978 F.3d 1051, 1059 (8th Cir. 2020) (cleaned up). However, even when a plaintiff has a strong claim on the merits, preliminary injunctive relief is improper absent a showing of a threat of irreparable harm. *See Gen. Motors Corp. v. Harry Brown's LLC*, 563 F.3d 312, 318-19 (8th Cir. 2009) ("The likelihood that plaintiff ultimately will prevail is meaningless in isolation … [and] must be examined in the context of the relative injuries to the parties and the public.") (alteration in original) (quoting *Dataphase Sys.*, 640 F.2d at 113). "A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

### IV.    PLAINTIFF'S SEVIS RECORD HAS BEEN REINSTATED

Plaintiff's request to re-instate her SEVIS record is moot. Here, Plaintiff's SEVIS record was restored to Active on April 21, 2025. ICE maintains the authority to terminate a SEVIS record, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated.

Accordingly, a preliminary injunction is not necessary to maintain the status quo. Because the relief Plaintiff seeks is already in place, the Court should deny Plaintiff's request for a preliminary injunction.

## V.  PRELIMINARY INJUNCTIVE RELIEF IS IMPROPER

### A.  PLAINTIFF FAILS TO DEMONSTRATE THREAT OF IRREPARABLE HARM

"To succeed in demonstrating a threat of irreparable harm, 'a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'" *Roudachevski*, 648 F.3d at 706 (quoting *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996)). "A movant's failure to demonstrate irreparable harm is sufficient to deny a motion for preliminary injunction." *Flandreau Santee Sioux Tribe v. United States Dep't of Agric.*, 19-CV-04094-KES, 2019 WL 2394256, at *5 (D.S.D. June 6, 2019) (citing *Grasso Enters., LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016)).

Under Supreme Court precedent, "some possibility" of deportation is not enough to show irreparable harm. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "Although removal is a serious burden for many aliens, it is not categorically irreparable." *Id.* at 435 ("Aliens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal.").

Here, it is noted that Ms. Saxena is scheduled to graduate from the School of Mines on May 10, 2025. Because her SEVIS record was reinstated, by the time her request for preliminary injunction is heard, she will have received her Ph.D. in Chemical and Biological Engineering. Further, participation in Optical Practical Training ("OPT") is discretionary and subject to the approval of the United States Citizenship and Immigration Services (USCIS). *See* 8 C.F.R. §

274a.13(a)(1) ("The approval of applications filed under 8 C.F.R. § 274a.12(c), except for 8 C.F.R. § 274a.12(c)(8) are within the discretion of USCIS.").[1]  OPT is temporary employment that is directly related to an F-1 student's major area of study.  8 C.F.R. § 214.2(f)(10)(ii).  In this case, there is no evidence that Ms. Saxena has been approved to participate in OPT.  Moreover, Ms. Saxena may return to her country of origin to seek employment and technical training.

Finally, Ms. Saxena is currently not charged by the U.S. Government as removable.  As stated above, the Supreme Court has determined that "some possibility" of removal is not enough to demonstrate irreparable harm.  *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Ms. Saxena has not demonstrated a threat of irreparable harm "that is certain and great and of such imminence that there is a clear and present need for equitable relief."  *Iowa Utils. Bd.*, 109 F.3d at 425.  Therefore, Ms. Saxena's request for a preliminary injunction should be denied.

### B. PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS

Ms. Saxena is unlikely to succeed on the merits.  This Court does not have jurisdiction to consider the State Department's decision to revoke Ms. Saxena's F-1 visa, s*ee* 8 U.S.C. § 1201(i), or to interfere with the Executive's discretion to commence removal proceedings.  *See* 8 U.S.C. § 1252(g).  Furthermore, ICE maintains the authority to terminate a SEVIS record and termination is an internal record keeping action that is not a final agency action subject to review.

### C. BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR THE GOVERNMENT

When the government is a party, balance of equities and the public interest factors merge.  *Nken*, 556 U.S. at 435; *see also Morehouse Enter., LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 78 F.4th 1011, 1018 (8th Cir. 2023) (citing *Nken*, 556 U.S. at 435) (stating "harm

---

[1] Post-completion OPT and the 24-month science, technology, engineering, and math ("STEM") OPT extension are governed under 8 C.F.R. § 274a.12(c)(3)(B)-(C).

to the opposing party and the public interest—merge when the Government is the party opposing the preliminary injunction"). In this case, the public interest factors tip in the Defendants' favor because "[c]ontrol over immigration is a sovereign prerogative." *El Rescate Legal Servs., Inc. v. Exec. Office of Immigr. Review*, 959 F.2d 742, 750 (9th Cir. 1992).

## VI.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's request for a preliminary injunction.

Dated this 30th day of April 2025.

> ALISON J. RAMSDELL
> United States Attorney
>
> */s/ Michaele S. Hofmann*
> MICHAELE S. HOFMANN
> Assistant U.S. Attorney
> Andrew W. Bogue Fed. Bldg.
> 515 Ninth Street, Suite 201
> Rapid City, SD  57701
> (605) 342-7822
> Michaele.Hofmann@usdoj.gov