§ 2:39. Reasons for termination of SEVIS record and..., Immigr. Proc....

Case 5:25-cv-05035-KES    Document 29-8    Filed 05/12/25    Page 1 of 4 PageID #: 236

**Immigr. Proc. Handbook § 2:39**

Immigration Procedures Handbook | December 2024 Update
Austin T. Fragomen, Jr., Careen Shannon, Daniel Montalvo

Chapter 2. The F Visa Category

V. Post-Admission Issues: Reporting Requirements, Changes in Program, Reinstatement, and Travel

C. Maintaining Status, Reinstatement Requests, and Termination of Student Status

# § 2:39. Reasons for termination of SEVIS record and impact of termination

References

> **West's Key Number Digest**
> 
> • West's Key Number Digest, **Aliens, Immigration, and Citizenship** 🔑 **193**

Guidelines from the SEVP discuss the most common reasons for terminating F status and the practical impact of such termination. Although failure to maintain student status is a common reason for terminating a student's or dependent's SEVIS record (see § 2:37, above), there are numerous reasons for termination.

Note the following possibilities:

— Absent from Country for Five Months: The student is known to be outside the United States, and the student has been outside the United States for five months or longer.

— Authorized Drop Below Full Course Time Exceeded: A reduced course load (RCL) was approved by the DSO for the student for the previous session, but the student did not enroll for a full course of study when the approved RCL period ended.

— Authorized Early Withdrawal: A request to withdraw from an academic program was approved for the student by a DSO.

— Change of Status Approved: The SEVIS record is in active status and (1) USCIS approved the student's change of status out of F status or (2) the student left the United States and returned in a different immigration status, and the student does not plan to travel again to return in F status.

— Change from F Status to Other Status Denied: The SEVIS record is in active status, the student applied for change out of F status, and USCIS denied the application to change status.

— Change from F Status to Other Status Withdrawn: The SEVIS record is in active status, the student applied for change from F to another nonimmigrant status, and the application for the change of status was withdrawn by the student.

— Change to F Status Denied: Prospective F students should not be registered in SEVIS until USCIS approves the change of status to F status. The student's record should remain in initial status until the adjudication is made. SEVIS will

Ex 8 - Declaration of Michaele Hofmann - 001

Case 5:25-cv-05035-KES   Document 29-8   Filed 05/12/25   Page 2 of 4 PageID #: 237

§ 2:39. Reasons for termination of SEVIS record and..., Immigr. Proc....

    automatically terminate the nonimmigrant's SEVIS record when the CLAIMS interface indicates a denial of the change of status.

— Change to F Status Withdrawn: SEVIS will automatically terminate the nonimmigrant's SEVIS record when the CLAIMS interface indicates a withdrawal.

— Expulsion: The student was expelled from his or her current program of study.

— Failure to Enroll: The student is a continuing student, the SEVIS record is in active status, the student is not in a period of earned vacation, and the student fails to enroll in a full course of study when the next session the student is expected.

— Failure to Report While on OPT: The student's SEVIS record is active, the student is in a period of active 24-month OPT extension, and the student has not filed the validation report with the DSO.

— No Show: The student's SEVIS record is in initial status, the student is not a transfer student, the SEVIS record shows that the student entered the United States, and the student did not report to the school by the program start date.

— School Withdrawn: SEVIS auto-terminates student records when a school loses SEVP certification and is withdrawn from the SEVP.

— Suspension: The student is suspended from school and can no longer maintain a full course of study.

— Transfer Student No Show: The student transferred from another school, and the student failed to report to the transfer-in school as required.

— Unauthorized Drop Below Full Course: The student is not currently enrolled in a full course load and a reduced course load was not approved by the DSO in advance.

— Unauthorized Employment: The DSO has evidence the student is or was employed, and the DSO knows that the student does or did not have work permission for all or part of that employment.

— Unauthorized Withdrawal: The student withdrew from school or stopped attending classes in the middle of a term, and the student did not get prior DSO approval for the withdrawal from his or her program of study.

— Violation of Change of Status Requirements: USCIS approved a student's change of status from B-1, B-2, F-2, or M-2 to F-1 status, and the student began his or her full course of study before the change of status was approved by USCIS.

Detailed information on the reasons why F status may be terminated is available at https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons.

When a SEVIS record is terminated:

— The student must leave the United States, file for reinstatement, or take another action to remain in status.

— The student loses all on- and/or off-campus employment authorization.

— The student cannot reenter the United States on a terminated SEVIS record.

— U.S. Immigration and Customs Enforcement agents may investigate to confirm the departure of the student.

— Any associated F-2 dependent records are also terminated.

**Impact of termination on accumulation of unlawful presence for purposes of 3/10-year bar**. A foreign national who has been unlawfully present for more than 180 days, or one year or more, is subject to a three-year or 10-year bar, respectively, on reentering the United States. Such a person will not be eligible to apply for a visa, admission, or adjustment of status to permanent resident within the relevant time period unless he or she is granted a waiver of inadmissibility or another form of relief.

In August 2018, USCIS issued revised guidance addressing the accrual of unlawful presence by students and exchange visitors for purposes of the 3/10-year bar. See PM-602-0160.1, entitled "Accrual of Unlawful Presence and F, J, and M Nonimmigrants," dated August 9, 2018. Under the guidance, F-1 students and J-1 exchange visitors, and their dependents, automatically begin to accrue unlawful presence the day after they violate the terms of their nonimmigrant status regardless of whether they were admitted for duration of status or, if admitted through a specific date, have not overstayed the period of admission on their I-94 arrival/departure record. Under prior guidance, F, J, and M nonimmigrants holding an unexpired I-94 or admitted for duration

Case 5:25-cv-05035-KES   Document 29-8   Filed 05/12/25   Page 3 of 4 PageID #: 238

§ 2:39. Reasons for termination of SEVIS record and..., Immigr. Proc....

of status (D/S) would not accrue unlawful presence unless and until there was a specific finding of a status violation by USCIS or an immigration judge. The August 2018 memo also states that an F-1 student who files a timely request for reinstatement of status will not accrue unlawful presence while their request is being adjudicated. An application is considered timely if it is submitted within five months of the status violation. If the application is approved, the F nonimmigrant will resume lawful status. If it is denied, the F nonimmigrant will resume the accrual of unlawful presence.

Some examples of when an F-1 student could be deemed by USCIS to have failed to maintain status and start accruing unlawful presence under the revised policy guidance are:

— Dropping below the required full course of study (12 semester/quarter hours for undergraduate programs) without authorization from a designated school official (DSO) for a reduced course load. This can be due to failure to attend class(es) or dropping a course on advice from an academic advisor to ultimately finish a program but without checking with the international student office.

— Taking more than one class or three credits of online courses toward the full course of study requirement (12 semester/quarter hours for undergraduate program).

— Taking online courses for English as a second language (ESL) program.

— Working more than 20 hours during school year under curricular practical training (CPT) or optional practical training (OPT).

— Changing jobs to an employer who is not enrolled with E-Verify for STEM OPT.

— Failure to report to the international student office during the registration period.

— Failure to complete coursework on time for graduation and failure to obtain authorization from international student office to defer graduation and program completion date.

— Accepting more than 12 months of CPT and OPT at the same education level.

Because of the significant consequences of unlawful presence, foreign students, exchange visitors, and their employers must take all steps necessary to ensure compliance with F and J program rules. In many instances, students and exchange visitors will not know that they are accruing unlawful presence until a USCIS officer adjudicates a petition or application, such as a nonimmigrant change of status petition, an adjustment of status application, or an application for OPT or STEM OPT employment authorization. Unfortunately, these adjudications may occur well after the triggering status violation, and the foreign national may already be subject to the three- or 10-year bar. Foreign students, exchange visitors, and their employers must ensure that they are in compliance with F and J program rules to avoid triggering unlawful presence. Maintaining student status is discussed in § 2:37, above. Agency guidance on the 3/10-year bar, which was added by IIRIRA, is discussed in detail in Ch 19, below.

The policy under the unlawful presence memorandum went into effect on August 9, 2018. In a May 2019 decision, however, a federal district court judge issued a nationwide preliminary injunction that prevents USCIS from implementing the August 2018 policy. See Guilford College v. McAleenan, 389 F. Supp. 3d 377 (M.D. N.C. 2019). The court later issued a permanent injunction prohibiting USCIS from implementing the policy. See Guilford College v. Wolf, 2020 WL 586672 (M.D. N.C. 2020). The order means that the agency must revert to its prior rules relating to unlawful presence while a lawsuit challenging the legality of the new policy continues. The lawsuit alleged that the policy is contrary to statutory unlawful presence provisions, is arbitrary and capricious, and violates the Administrative Procedure Act (APA) and the U.S. Constitution's Due Process Clause. The court invalidated the policy as a matter of law because it "impermissibly conflicts" with the statutory provisions pertaining to unlawful presence and because it should have been subject to the notice and comment rulemaking process as required under the APA. As a result, USCIS cannot apply the unlawful presence policy articulated in its August 2018 memorandum until litigation on the issue is resolved. Until further notice, F, J, and M nonimmigrants can continue to rely on the prior agency policy of only accruing unlawful presence after a definitive and affirmative determination from USCIS or an immigration judge. The government is expected to appeal the decision to higher courts.

Westlaw. © 2024 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Case 5:25-cv-05035-KES   Document 29-8   Filed 05/12/25   Page 4 of 4 PageID #: 239

§ 2:39. Reasons for termination of SEVIS record and..., Immigr. Proc....

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.