UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Priya Saxena, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. 5:25-cv-5035 |
| | ) | |
| Kristi Noem, in her official capacity as | ) | |
| Secretary of Homeland Security; | ) | |
| the Department of Homeland Security; | ) | |
| and Todd Lyons, in his official capacity | ) | |
| as Acting Director of U.S. Immigration | ) | |
| and Customs Enforcement, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### **Response to Declaration of Michaele S. Hofmann (Doc. 29)**

Saxena's Reply Memorandum in Support of Motion for Preliminary Injunction explains why defendants' email of May 7 does not moot this case. Doc. 28-3 (email) and Doc. 27 at 18-21. This afternoon defendants filed three new documents that add nothing to their email of May 7. Docs. 29-1, 29-2, and 29-3.

The relevant words of defendants' May 7 email are quoted in Saxena's Reply Memorandum. Doc. 27 at 18. Defendants' submissions today repeat those same words. Doc. 29-1 at 2. So Saxena has already addressed defendants' argument that

those words moot this case. The most relevant cases cited in Saxena's Reply Memorandum are *Vyas v. Noem*, 2025 U.S. Dist. Lexis 88200 * 20-21, 2025 LX 69438 (S. D. W. Va. May 8, 2025), and *Doe v. Noem*, 2025 U.S. Dist. Lexis 87878 * 10-12, 2025 LX 58651 (D. N. J. May 8, 2025). Doc. 27 at 21.

On May 9, another extremely similar case was decided: *Gonzalez v. Noem*, 2025 U.S. Dist. Lexis 88852, 2025 LX 43437 (D. Ore. 2025). Plaintiffs in that case are two international students whose SEVIS status was terminated on April 4, just as Saxena's was. The court granted a TRO, just as this Court did. The issue on May 9 was whether to grant a preliminary injunction, just as the current issue in this case is. Defendants contended their new policies mooted the case, just as they contend here. The court disagreed, finding that the "case falls squarely within the voluntary cessation doctrine." *Gonzalez*, 2025 U.S. Dist. Lexis 88852 * 11. Which is just as Saxena has argued. Doc. 27 at 10-21. *Gonzalez* grants a preliminary injunction over defendants' mootness argument, just as Saxena asks this Court to do.

*Gonzalez v. Noem* recognizes that "In response to lawsuits around the country, Defendants have changed their policy and issued new guidance regarding termination of SEVIS records. However, Defendants' reliance on this 'new policy'

does not satisfy their 'heavy burden' to show mootness based on voluntary cessation." *Gonzalez*, 2025 U.S. Dist. Lexis 88853 * 11-12 (citation omitted).

The court added: "Plaintiffs argue that it is not speculative to consider this case in the broader context of Defendants' unceasing attempts to remove noncitizens from the county. While Defendants may have walked back the SEVIS terminations because of litigation around the country, they have not repudiated the prior decisions. Plaintiffs argue that under the 'new policy,' they continue to be at risk of Defendants arbitrarily terminating their student status without notice, subjecting them to irreparable harm. [¶] *This court agrees.* Deafening silence has been the only response by the Defendants in explaining, let alone justifying, the actions taken here. The termination of Plaintiffs' SEVIS status presents as so arbitrary and capricious that the Court finds it is impossible to trust that, absent an injunction, Defendants will not terminate Plaintiffs' student status yet again." *Gonzalez*, 2025 U.S. Dist. Lexis 88853 * 13-14 (emphasis added). The same conclusion is appropriate here. A preliminary injunction is appropriate here as in *Gonzalez*.

Dated: May 12, 2025         Respectfully submitted,

                                         /s/ James D. Leach
                                         James D. Leach
                                         Attorney at Law
                                         1617 Sheridan Lake Rd.

        Rapid City, SD 57702
        Tel: (605) 341-4400
        jim@southdakotajustice.com
        Attorney for Plaintiffs

<u>Certificate of Service</u>

    I certify that on May 12, 2025, I filed this document by CM/ECF, thereby causing automatic electronic service to be made on defendants.

        <u>/s/ James D. Leach</u>
        James D. Leach