UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Priya Saxena, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. 5:25-cv-5035 |
| | ) | |
| Kristi Noem, in her official capacity as | ) | |
| Secretary of Homeland Security; | ) | |
| the Department of Homeland Security; | ) | |
| and Todd Lyons, in his official capacity | ) | |
| as Acting Director of U.S. Immigration | ) | |
| and Customs Enforcement, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### Dr. Saxena's Response to Warner and Baldwin Declarations

Before this Court heard Dr. Saxena's motion for a preliminary injunction, the government filed three Declarations in support of its argument that the case was moot. Docs. 29-1 (Watson Declaration), 29-2 (Hicks Declaration), and 29-3 (Young Declaration). At the preliminary hearing, this Court gave the government ample opportunity to try to explain why the case was moot. Doc. 56 at 43 line 20 to 46 line 3. This Court was not convinced, and ruled that the case was not moot. Doc. 39 at 10-12.

Undeterred, the government recently filed a Declaration of Alexis Warner and a Declaration of Akil Baldwin. Docs. 66 and 66-1. But the Warner Declaration is sheer argument, and the Baldwin Declaration establishes nothing new. So there is no reason this Court should reverse its ruling that this case is not moot.

The Warner Declaration argues that the case is moot because the Baldwin Declaration establishes that "ICE will not re-terminate SEVIS records based solely on the NCIC record that led to Dr. Saxena's initial termination," and "the reactivation of those terminated SEVIS records is retroactive to the date of initial termination, the effect of which is that it will appear as though the termination never occurred." Doc. 66 at 2. But neither of these representations is new. The earlier Watson Declaration averred that "ICE has no plans under its new SEVIS policy to re-terminate the plaintiff(s) SEVIS record based solely on the NCIC record that led to its initial termination." Doc. 29-1 ¶ 6. The earlier Watson and Hicks Declarations averred that the reactivation of SEVIS records was retroactive to the initial termination date. Doc. 29-1 ¶ 6 and Doc. 29-2 ¶¶ 3-4. So the Baldwin Declaration adds nothing.

The "Broadcast Message" attached to the Baldwin Declaration is, according to Baldwin, a "new policy regarding the termination of SEVIS records" effective

April 26, 2025. This Court addressed the "Broadcast Message" in its Order Granting Plaintiff's Motion for Preliminary Injunction. This Court explained that the new policy allows SEVP to terminate SEVIS status when the Department of State revokes a nonimmigrant visa. Doc. 39 at 4. This Court explained that before the new policy, it was DHS and ICE policy *not* to terminate SEVIS status based on visa revocation. *Id.* The Department of State revoked Dr. Saxena's visa on April 7, 2025. Doc. 39 at 5. Under the new policy, SEVP can terminate her SEVIS record based on the government's termination of her visa. So the new policy is another reason the case is not moot, and that injunctive relief is needed.

On one matter not relevant to whether the case is moot, the Baldwin Declaration undercuts the Warner Declaration. The Baldwin Declaration says: "Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen." Doc. 66-1 ¶ 13. The Warner Declaration truncates this statement by omitting the first half of it. Doc. 66 ¶ 4. The truncated part of the Baldwin Declaration is consistent with the earlier Hicks Declaration, which says "the event history for a given record cannot be deleted from the system," and the reinstatement notations "are not viewable by end-users outside of SEVP, such as

3

Designated School Officials," but "[n]onetheless, these notations are still part of the official SEVIS record." Doc. 29-2 ¶¶ 3-4. The Baldwin Declaration's assertion as to "the effect" of retroactive activation appears to be an attempt to argue its *legal* effect.

After this Court ruled that this case was not moot and granted a preliminary injunction, the government moved to dismiss, again arguing that the case is moot. Doc. 47 at 16-17. Dr. Saxena responded that nothing had changed since the preliminary injunction hearing, so there was no basis for this Court to reverse its ruling that the case was not moot. Doc. 50 at 11-13. This is still true. Nothing at all has changed that should alter this Court's previous ruling.

Dated: December 30, 2025    Respectfully submitted,

/s/ James D. Leach
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
Tel: (605) 341-4400
jim@southdakotajustice.com
Attorney for Plaintiff

Certificate of Service

I certify that on December 30, 2025, I filed this document using CM/ECF, thereby causing automatic electronic service to be made on counsel for defendants.

/s/ James D. Leach
James D. Leach