UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Priya Saxena,<br><br>  Plaintiff,<br><br>v.<br><br>Kristi Noem, in her official capacity as Secretary of Homeland Security; the Department of Homeland Security; and Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>  Defendants. | 5:25-cv-05035-KES<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendants, by and through their attorneys, Ronald A. Parsons, Jr., United States Attorney, and Alexis A. Warner, Assistant United States Attorney, hereby Answer Plaintiff's Complaint as follows. All allegations in the Complaint are denied unless specifically admitted or qualified herein. For convenience, the section headings and numbered paragraphs in this Answer correspond to the numbered paragraphs in Plaintiff's Complaint but are not part of Defendants' response to the Complaint.

**Parties**

1. Defendants admit in part that Plaintiff is a citizen of India and student at the South Dakota School of Mines and Technology. Defendants lack sufficient information or knowledge to admit or deny the remainder of paragraph 1 and therefore deny.

2. Defendants admit that Kristi Noem serves as the Secretary of Homeland Security. Defendants admit insofar as Kristi Noem has the power of the Secretary of Homeland Security. Defendants admit the third sentence.

3. The allegations in this paragraph constitute conclusions of law to which no response

1

is required. To the extent a response is required, Defendants admit.

4. Defendants admit that Todd Lyons was the Acting Director of ICE at the start of this case. However, Defendants deny that Defendant Lyons has broad authority over the operations and enforcement of the immigration laws.

**Jurisdiction and Venue**

5. The allegations in paragraph 5 constitute conclusions of law to which no response is required. If a response is required, Defendants deny the allegations.

**Facts**

6. Based on the information available to Defendants at this time, Defendants admit to the allegations in paragraph 6.

7. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 7 and therefore deny.

8. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 8 and therefore deny.

9. Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 9 and therefore deny.

10. Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 10 and therefore deny.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants lack sufficient knowledge or information to form a belief as to the

truth of the statements allegedly made by Dahlia M. French, Esq. and therefore deny the allegations to the extent they assert the truth of such statements.  Defendants admit only that Plaintiff purports to describe testimony by Dahlia M. French, Esq., but deny any remaining allegations in paragraph 13.

14.   Paragraph 14 consists of Plaintiff's characterization of the SEVIS record and termination to which a response is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 14.

15.   Defendants lack sufficient information to form a belief as to the contents of paragraph 15 and therefore deny.

16.   The allegations in paragraph 16 constitute conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations.

17.    Defendants lack sufficient information or knowledge to form a belief as to the contents of paragraph 17 and therefore deny.

18.   Defendants deny the allegations in paragraph 18.

19.   Paragraph 19 consists of Plaintiff's opinion and characterization of harm based on media reports and other cases to which a response is not required.  To the extent that a response is required, Defendants deny the allegations in paragraph 19.

20.   Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 20 and therefore deny.

21.   Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 21 and therefore deny.

22. Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 22 and therefore deny.

23. The allegations in paragraph 23 constitute conclusions of law to which no response is required. If a response is required, Defendants deny the allegations.

24. The allegations in paragraph 24 constitute conclusions of law to which no response is required. If a response is required, Defendants deny the allegations.

25. The allegations in paragraph 25 constitute conclusions of law to which no response is required. If a response is required, Defendants deny the allegations.

26. Paragraph 26 of the Complaint is Plaintiff's characterization of the case to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 26.

## First Cause of Action

### Administrative Procedure Act – Unlawful SEVIS Termination

27. Defendants deny the allegations in paragraph 27.

28. The allegations in paragraph 28 constitute conclusions of law to which no response is required. If a response is required, Defendants deny the allegations.

## Second Cause of Action

### Procedural Due Process – Unlawful SEVIS Termination

29. On January 12, 2026, the Court granted in part the Government's motion to dismiss Plaintiff's procedural due process claim. (Doc. 69.) As it concerned Plaintiff's

4

Procedural Due Process claim, the Court held that a SEVIS record is not a protected property or liberty interest under the Constitution and therefore there is no basis for a procedural due process violation. (*Id.* at 18.) Defendants, therefore, are not required to respond to paragraphs 29, 30, and 31.

## Request for Relief

1.    Paragraphs 1 through 7 of Plaintiff's Request for Relief seek relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief, or any relief whatsoever.

## Affirmative Defenses

A.    Defendants deny each and every allegation of the Complaint that has not been specifically admitted.

B.    Plaintiff has failed to state a claim upon which relief can be granted.

C.    This Court lacks subject matter jurisdiction over all or part of Plaintiff's claims.

D.    Plaintiff's claims are moot and therefore nonjusticiable.

E.    Defendants afforded Plaintiff all the process required by the Constitution and applicable law.

F.    Plaintiff fails to meet the legal standards necessary to obtain the relief sought.

G.    The Complaint fails to identify a final agency action subject to judicial review.

H.    Defendants' actions are not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, and are supported by substantial evidence.

I.    Plaintiff is not entitled to an award of attorney's fees or costs.

J. Defendants may have additional defenses not known at this time which may be discerned through discovery and specifically preserve all other defenses as they are ascertained under Fed. R. Civ. P. 8(c).

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that the Court: (1) enter judgment in favor of Defendants; and (2) grant such further relief as the Court deems just and proper.

Dated and electronically filed on February 2, 2026.

RONALD A. PARSONS, JR.
UNITED STATES ATTORNEY

 /s/ Alexis A. Warner
Alexis A. Warner
Assistant U.S. Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
(605) 357-2320
Alexis.Warner@usdoj.gov