UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Priya Saxena, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. 5:25-cv-5035 |
| | ) | |
| Markwayne Mullin, in his official capacity | ) | |
| as Secretary of Homeland Security; | ) | |
| the Department of Homeland Security; | ) | |
| and Todd Lyons, in his official capacity | ) | |
| as Acting Director of U.S. Immigration | ) | |
| and Customs Enforcement, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**Memorandum in Support of
<u>Motion for Attorney Fees and Costs</u>**

## **Table of Contents**

I.      Plaintiff is a prevailing party                                            3

II.     The government's position was not substantially justified      3

III.    The fees and costs request is reasonable                          7

IV.     Conclusion                                                             9

## I.    Plaintiff is a prevailing party

The Order Granting Plaintiff's Motion for Summary Judgment, Doc. 87, by granting plaintiff's motion for a permanent injunction, materially altered the legal relationship between the parties, so plaintiff is a prevailing party. *Lackey v. Stinnie*, 604 U.S. 192, 203-04 (2025); *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001).

## II.    The government's position was not substantially justified

The government's position is substantially justified when it is "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *Bah v. Cangemi*, 548 F.3d 680, 684 (8th Cir. 2008), quoting *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987).  The burden of proving substantial justification is on the government. *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995).  Substantial justification is determined by "treating a case an inclusive whole, rather than as atomized line-items." *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012), quoting *Comm'r v. Jean*, 496 U.S. 154, 161-62 (1990).

In this case, from the beginning to the middle to the end, the government's position was neither "clearly reasonable," nor "well founded in law and fact," nor "solid."  The government terminated Saxena's F-1 student status and SEVIS record

3

as part of a nationwide initiative against foreign students that federal courts overwhelmingly rebuked as unlawful. This Court's temporary restraining order, preliminary injunction, and permanent injunction all reflect the lack of merit in the government's position. Rather than admit the error of its ways after the first was of cases across the country made that plain, the government fought on, repeating the same arguments from beginning to end, except when it found a new equally unmeritorious argument to make, such as its Privacy Act argument.

In its temporary restraining order, the Court found that no facts justifying termination of Dr. Saxena's nonimmigrant status existed. Doc. 8 at 4. The government conceded it had no such facts. Doc. 8 at 4-5. The Court concluded that Saxena was likely to show that termination of her F-1 student status was unlawful. Doc. 8 at 5.

In issuing a preliminary injunction, the Court expanded its analysis. The Court rejected the government's claim that the case was moot, relying on uncontested law that voluntary cessation of illegal conduct does not moot a case. Doc. 39 at 10. The Court found "[t]he record is devoid of a sufficient explanation for why defendants unlawfully and arbitrarily terminated Saxena's SEVIS record" in light of defendants' June 7, 2010, policy statement. Doc. 39 at 11. The Court cited

4

cases from across the country rejecting the government's mootness argument. Doc. 39 at 11-12.

Additionally, the Court rejected the government's argument that termination of Dr. Saxena's SEVIS record was not a final agency action, again citing multiple cases reaching the same conclusion. Doc. 39 at 13-14. The Court also rejected the government's attempt to apply the jurisdiction-stripping provisions of 8 U.S.C. § 1252(g) to Saxena's challenge to revocation of her F-1 visa. Doc. 39 at 14-15. The Court found she was likely to prevail on her Administrative Procedures Act claim that the government illegally terminated her SEVIS record. Doc. 39 at 15-16. And the Court rejected the government's arguments of lack of irreparable harm, again citing cases from across the United States. Doc. 39 at 16-20. The Court also rejected the government's argument that its prerogative as a sovereign tipped the public interest in their favor, because defendants "provided no indication that they complied with the relevant statutory framework in enforcing immigration laws." Doc. 39 at 20.

In granting a permanent injunction, the Court again rejected the same government arguments. It again ruled that the government's termination of Saxena's SEVIS record was a final agency action, citing multiple cases. Doc. 87 at 13-

17. It again ruled the case was not moot, citing multiple cases. Doc. 87 at 13 n.5. It rejected the government's argument that the Privacy Act bars Saxena from seeking relief under the APA. Doc. 87 at 17-20. Defendants "fail[ed] to point to any supporting authority for its argument that the Privacy Act is the exclusive remedy for Saxena's claim." Doc. 87 at 17. And their arguments "blatantly ignore the many other district court decisions finding that a student may challenge the termination of their SEVIS records under the APA." *Id.* In addition, "defendants' arguments regarding the Privacy Act suffer from several additional flaws." Doc. 87 at 18.

Turning to the merits, the only evidence of how or why the government terminated Dr. Saxena's SEVIS record was that "agency officials ran the name of foreign students through the National Crime Information Center" and then terminated SEVIS status for Saxena even though her 2021 Class 2 misdemeanor traffic offense was not grounds for termination, and she had reported it to the government before her visa was re-issued in 2022. Doc. 87 at 21 n.7. This was "arbitrary or capricious because it failed to articulate 'a rational connection between the facts found and the choice made.'" Doc. 87 at 22, quoting *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 43 (1983). And the government "fail[ed] to point to genuine disputes of material fact" showing that any other circumstances justifying

6

termination were present.  Doc. 87 at 22.  Finally, the Court ruled against the government on irreparable harm, balance of harms, and the public interest.  Doc. 87 at 23-26.

In sum, this was not a close case.  The government made meritless argument after meritless argument.  After this Court and other courts around the country rejected its arguments, it continued repeating the same arguments.  Every argument reflected the government's unceasing policy initiative against noncitizens, without regard to the law.  The government's position was not clearly reasonable, it was not well founded in law and fact, and it was not solid, so it was not substantially justified.  *Bah v. Cangemi*, 548 F.3d 680, 684 (8th Cir. 2008).

## III.   The fees and costs request is reasonable

The Equal Access to Justice Act sets a statutory limit on fees of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The cost of living adjustment is typically computed using the consumer price index for urban consumers (CPI-U) for the month in which plaintiff became a prevailing party.  *Jafet L.C. v. Blanche*, 2026 U.S. Dist. Lexis 107613 *4, 2026 WL 1361497 (D. Minn.).

Plaintiff became a prevailing party in June 2026.  Doc. 87.  The CPI-U for that month was 333.952.  https://www.bls.gov/news.release/cpi.nr0.htm (last visited August 1, 2026) (U. S. Bureau of Labor Statistics Economic News Release, July 14, 2026) ("The Consumer Price Index for All Urban Consumers (CPI-U) increased 3.5 percent over the last 12 months to an index level of 333.952 (1982-84=100).")  The CPI-U for March 1996, when the statutory cap became $125 per hour, was 155.7.  *Greenhill v. United States*, 96 Fed. Cl. 771, 784 (2011).  So the relevant increase is computed by dividing 333.952 by 155.7, which equals 2.1448.  Multiplying $125 times 2.1448 yields an hourly rate of $268.10.  This is about half of reasonable value.  *NDN Collective v. Retsel Corporation*, 5:22-CV-05027-KES, Doc. 483 at 48 (2026 hourly rates of $573.33, $536.67, and $473.33 for attorneys with significantly less experience than Saxena's attorney).

A "special factor," namely "the limited availability of qualified attorneys for the proceedings involved," can justify a higher hourly rate.  It is unlikely that any other attorney admitted in this jurisdiction was "available" in the sense of being ready and willing to undertake this case for a client unable to pay a fee, and under extreme time pressure to research the facts and law, and to prepare a complaint, a

8

motion for temporary restraining order, and a supporting brief. Nonetheless, counsel does not seek a special factor enhancement.

With respect to plaintiff's request for reimbursement of computerized legal research (CLR) costs, "'CLR is now a common litigation expense, and it may be reimbursable.' *Hernandez v. Bridgestone Americas Tire Operations, LLC*, 831 F.3d 940, 950 (8th Cir. 2016). District courts have the discretion to award CLR to the prevailing party under a fee-shifting statute if the prevailing party demonstrates that separately billing for such expenses is the prevailing practice in the community." *SD Voice v. Noem*, Case 1:19-cv-01003-CBK, Doc. 51 at 11 (Opinion and Order, January 9, 2020). Separately billing for such expenses is the prevailing practice in the community. Declaration of James D. Leach, Exhibits 2, 3, and 4.

## IV.    Conclusion

Plaintiff is a prevailing party. The government's position was not substantially justified. The amount requested is reasonable, and no "special circumstances make an award unjust" within the meaning of 28 U.S.C. § 2412(d)(1)(A). Accordingly, plaintiff asks the Court to award the amount requested.

Dated: August 6, 2026        Respectfully submitted,

/s/ James D. Leach
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
Tel: (605) 341-4400
jim@southdakotajustice.com
Attorney for Plaintiff

<u>Certificate of Service</u>

I certify that on August 6, 2026, I filed this document using CM/ECF, thereby causing automatic electronic service to be made on defendants.

/s/ James D. Leach
James D. Leach

10